Points decided.

[No. 2,461.]

JOHN REEDY AND JOHN BIXBY v. J. WESLEY
SMITH, WALTER L. SMITH, HOSEA E. DUD-
LEY, AND R. CONRAD.

COMPLAINT ON CONTRACT—DEMURRER FOR UNITING SEVERAL CAUSES OF
ACTION.—Where a complaint set forth a contract by defendants to build a
dam, and their failure to comply therewith; alleged damages to plaintiffs
on account of loss of profits which they would have made by their ditch if
the dam had been built, and demanded a judgment for damages; *held*,
that a demurrer on the ground that it united two causes of action would not
lie.

CONTRACT HELD BINDING THOUGH SIGNED BY ONLY ONE PARTY.—Where
a contract by which one party was to build a dam and the other to pay
therefor in certain installments, was signed only by the first party; but it
appeared the other party paid his installments as therein provided, and both
acted upon it as binding; *held*, that a finding of a District Court to the
effect that it was executed and binding, should not be disturbed.

CONSTRUCTION OF CONTRACTS.—The object of construction of a contract is
to ascertain the intention of the parties in entering into it.

MEANING OF STIPULATION TO DO A THING "AS SOON AS PRACTICABLE."—
A contract to do a thing "as soon as practicable," implies that circum-
stances may occur which will delay the completion of it. The word
"practicable" cannot be understood with regard to the means at the
command of the contractors, for they may be entirely inadequate; but in
ascertaining what was intended, the nature of the contract, the difficulties
to be overcome, and the importance to the other party of an early comple-
tion of it, are to be considered.

"PRACTICAL" DOES NOT MEAN "WITHIN THE RANGE OF HUMAN
MEANS."—Where, in an action on a contract to build a dam "in the
year 1867, or as soon thereafter as practicable," the Court instructed the
jury: "If you believe it was practicable, or if it was within the range of
human means to have constructed it, then defendants are liable for not
doing so; the word practicable means that which can be accomplished by
human means;" *held*, error.

DAMAGES UNDER CONTRACT AS DISTINGUISHED FROM DAMAGES FOR
BREACH OF CONTRACT.—Where a contract for building a dam, and
guaranteeing it to stand for five years after completion, and the payment
of installments therefor as the work progressed, provided that if within the
five years it washed away it was to be rebuilt, or the installments, or a pro-
portional part thereof, according to the time the dam stood, should be
refunded; *held*, that the rule of damages laid down by the contract had
reference solely to the guarantee, and that damages for failure to build at
all must be ascertained by the ordinary rules.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

This was an action upon an alleged contract between the parties, entered into June 21st, 1867, by which the defendants agreed to build a dam across the Tuolumne River, about a mile and a half above the Town of La Grange, sufficiently high to cause the water of the river to flow in ordinary requirements in the ditch owned by plaintiffs—said dam to be completed in the year 1867, or as soon thereafter as practicable, and guaranteed to stand five years after completion; in consideration whereof plaintiffs agreed to pay one thousand five hundred dollars on August 1st, 1867, two thousand five hundred dollars when the dam should be half done, two thousand five hundred dollars when it should be completed, six thousand five hundred dollars with interest in twelve months after completion, and providing for repairs or rebuilding or repayment of the installments paid, or a proportional part thereof, according to the time the dam might have stood, if it should be washed away within the five years. It appears that plaintiffs paid the first two installments, amounting to four thousand dollars, and defendants proceeded to build the dam; but in November, 1867, and before the completion of the labor, all their work was washed away, and nothing further was done. The complaint averred that defendants could readily and easily have built the dam in 1867, or in 1868, but had neglected to carry on the work with proper energy; that plaintiffs were thereby deprived of realizing profits to the amount of ten thousand dollars from their ditch, and it prayed for damages in that amount, and for costs.

Defendants demurred to the complaint on the ground, among others, that several causes of action had been improperly joined; that is to say, a cause of action on the express contract, a cause for general damages for breach of

contract, and a cause for damages for being deprived of the value of the ditch. This demurrer was overruled, and defendants then answered, denying the allegations of the complaint and the execution of the contract, and setting up, among other things, that there was a verbal contract between the parties to the same effect, and that there were various modifications of it afterwards.

It appeared in proof on the trial that the written contract set out in the complaint had been signed by the defendants only, and they objected that it was therefore not binding upon them for want of mutuality. The objections were overruled and the contract admitted in evidence, against their objections. There was also evidence tending to show a verbal contract to the same effect.

Among the instructions given by the Court to the jury before whom the cause was tried, besides the one quoted in the opinion, was one to the effect that the plaintiffs must recover, if at all, not only the amount of money advanced by them, but all damages in addition, which they had sustained by reason of the defendants' non-compliance with their contract.

The verdict and judgment having been in favor of plaintiffs for five thousand five hundred dollars, defendants appealed.

*C. Dorsey, P. D. Wigginton,* and *L. F. Jones,* for Appellants.

The complaint contains several causes of action improperly united. It claims the money paid under the contract by plaintiffs to defendants, which was all the damages that plaintiffs, under any circumstances, could claim in case defendants violated the contract, and also claims damages on account of the water ditch.

The contract was an executory contract, containing mutual and dependent promises and conditions, and it does not ap-

pear ever to have been signed by plaintiff. Such a contract does not become the contract of any of the parties, until they all sign it. (*Tewksbury* v. *O'Connell*, 21 Cal. 60; *Lockhart* v. *Ogden*, 30 Cal. 554; *Livingston* v. *Rodgers*, 1 Caines, 584; *Emery* v. *Neighbor*, 2 Halstead C. L. 145; 2 Parsons on Con. 582; *Arnold* v. *Richmond Iron Works*, 1 Gray, 434; *Orcutt* v. *Nelson*, id. 536; *Whitstone* v. *Stodder*, 8 Mart., La. 95; *Weston* v. *Genesee Mutual Insurance Company*, 2 Kern. 258.) The fact that defendants went on and built the dam would give them a right of action against the plaintiffs for the value of the work done; but they could not sue plaintiffs on the written contract, if they never had signed it. The right of action would be on a parol contract, on the implied promise to pay for the work ordered to be done. Because defendants performed the work believing that plaintiffs had signed the contract, could not make the contract under which the work was done a written contract, so far as plaintiffs were concerned. The plaintiffs could only be bound on a parol contract, and the written contract set out in the complaint could avail none of the parties, except so far as it might be evidence tending to show what the terms of the parol contract were.

The instruction as to the meaning of the word practicable was clearly not law. Any act which may be done by human means may be perfectly practicable and possible to one person, and impracticable and impossible to another person. But the meaning which the parties intended to attach to the word was that the dam should be built in the year 1867, or within a reasonable time thereafter, due regard being had to the defendants' means, their engagements, and the nature of the work to be performed. (See 2 Parsons on Con. 497; *Atwood* v. *Emery*, 1 C. B. 110; Paley's Moral Philosophy, 104; *Potter* v. *Ontario and L. M. Ins. Co.* 5 Hitt. 147; Webster's Dictionary, words Possible and Impracticable.)

There was also error in the instruction as to damages.

The contract contains within itself the measure of damages in the event that it was not complied with by the defendants. If the dam was washed away within five years the defendants were to rebuild it, or repay to the plaintiffs the amounts advanced by them; and this provision of the contract limits the measure of damages, in case it is violated by defendants, to the amount of money paid by plaintiffs.

*J. B. Campbell* and *Alexander Deering*, for Respondents.

The complaint is not demurrable. It sets out a contract, and the acts of plaintiffs under it. It is not the "depreciation of the value of the ditch," but the use of the water running through the ditch, that plaintiffs urge as a ground of damages; and it was the very purpose of the dam "to cause the water to flow, in ordinary requirements, in the ditch." If the complaint was deemed indefinite in its statement of damage, an objection should have been made that could have reached it, in a proper way, in the lower Court. It cannot be raised by demurrer. (1 Van Santvoord's Eq. Practice, 190.) But the respondents had a right to set forth all the facts of the case, and if, in so doing, they established a right to recover on two different grounds, it is no cause for demurrer. (*Mills* v. *Barney*, 22 Cal. 240.)

The authorities cited by appellants, as to contracts void for want of mutuality, go to the extent only that they can be avoided if both parties have not acted. But it has been repeatedly held that when both have acted under the contract, though executed by one only, they can be sued, and want of mutuality is no defense. (Chitty on Contracts, 17; *Worral* v. *Munn*, 1 Selden, 229.)

As to the instructions of the Court to the jury, there is but a partial statement of evidence; and we submit that such being the fact, this Court will not reverse the case

upon any mere supposed error, but will affirm the judgment, if the instructions might, under any state of evidence, have been proper. (*Selden* v. *Cushman*, 20 Cal. 67.) As to the definition of the word practicable, it is taken verbatim from the definition in Webster's Dictionary, and also as defined in Chitty on Contracts, 631, note 2.

If the contract. set out by plaintiffs was ineffective on account of not being signed by them, they may recover on the verbal contract set up by the defendants in their answer; and, at any rate, the plaintiffs have a right to what they advanced to defendants, which is all the verdict of the jury gave them.

By the Court, TEMPLE, J.:

I think the demurrer to the complaint was properly over-ruled. Two causes of action were not joined in the complaint, although it may be that damages are claimed to which the plaintiffs are not entitled.

Under the circumstances revealed by the evidence, I think the Court properly found that the contract had been executed and was binding upon both parties. Both had acted upon it as a binding contract. The plaintiffs certainly would have been estopped from denying that it had become binding upon them, had suit been brought upon it by the defendants. At any rate, the fact that a verbal contract, containing precisely the same conditions, was entered into, is admitted, and no question of the Statute of Frauds is raised, and after this distinct admission of the contract could not be.

The contract required the dam to be completed in the year 1867, or as soon thereafter as practicable. The defendants, on the trial, claimed that they had made every effort required of them to construct the dam, and that it had not been *practicable*, within the meaning of the con-

tract, to construct it, up to the time of the commencement of the action. Upon this point the Court instructed the jury as follows: "If you believe it was practicable, or if it was within the range of human means to have constructed it, then defendants are liable for not doing so. The word practicable means that which can be accomplished by human means."

The object of construction is to ascertain the intention of the parties in entering into the contract. The use of the phrase "as soon as practicable" implies that circumstances might occur which would delay the completion of the work. Nor can it be supposed that the defendants undertook to use *every human* means to accomplish the work. If it became important for a powerful nation to construct the dam as contemplated by the contract, a force might perhaps have been employed sufficient to complete it in a few days, and at any stage of the water. To hold the defendants responsible for the employment of such means would be at variance with the manifest intention of the parties. The word "practicable" cannot be understood with regard to the means at the command of the defendants, for they may have undertaken the work with means quite inadequate to its accomplishment; but it must be ascertained from the nature of the contract, the difficulties to be overcome, and the importance to the plaintiffs of an early completion. It is impossible to give a definition of the word which would apply to all cases. Each case will be governed by its own circumstances. It may be that the provision in this contract had reference mainly to the possibility of high water in the stream, which would prevent a performance. The urgent necessity for the work would sometimes show that most extraordinary efforts were called for to perform it. I think it ought to have been left to the jury to say whether, under the circumstances of this case, the defendants had employed all reasonable means and diligence to perform

their contract. What would be reasonable, as I have said, would depend, in a great measure, upon the nature of the difficulties to be overcome and the importance of an early completion to the plaintiffs, in reference to which the defendants must have contracted. I think, therefore, the instruction was erroneous.

The rule of damages laid down in the contract has reference solely to the guarantee that the dam shall stand for five years from the date of its completion. The damages for failure to construct the dam according to contract, if any, must be ascertained by the ordinary rules upon the subject.

Judgment reversed, and cause remanded for a new trial.

Mr. Justice CROCKETT did not participate in the foregoing decision.