[No. 19424.  Department Two.—October 2, 1894.]

## LILLIAN W. BLOOM, APPELLANT, v. GEORGE W. HAZZARD, RESPONDENT.

CONTRACT—EXECUTION.—An agreement in writing which is signed and delivered by the promisor, and accepted and acted upon by both parties, is sufficiently executed to make it a binding obligation of the party signing it.

ID.—AGREEMENT BY CONSTABLE AS TO FEES—PUBLIC POLICY.—An agreement by a constable with an execution creditor to charge less than his legal fees for levying an execution and conducting a sale thereunder is not contrary to public policy.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. S. Utley*, for Appellant.

*Carl Schutze*, for Respondent.

BELCHER, C.—The plaintiff, as assignee of one Charles M. Stetson, brought this action to recover the sum of $844.90, balance alleged to be due and unpaid for services rendered by Stetson as constable in the levying upon and sale of certain real property under an execution issued upon a justice's court judgment in favor of the defendant.

Before any services were rendered Stetson executed and delivered to defendant an agreement in writing, reading as follows:

"SAN DIEGO, CAL., Sept. 21, 1891.

"I, Charles M. Stetson, constable of San Diego township, California, agree that I will levy on the land herein described under the attached execution at the rate of $5 per day that I am actually employed at it; charging, however, in my return the full charges and fees allowed by law. George W. Hazzard is, however, not to pay more for my work than said five dollars per day, and ten dollars for making the return.

[SIGNED]     "CHARLES M. STETSON,
"Constable S. D. Township.
"ALFRED E. COWLES,
"Deputy Constable."

Stetson, by his deputy, made the levy and sale, and was engaged in the work ten and one-half days. The defendant bid in the property for $1,248.10, and the return shows that the constable's fees amounted to the sum of $928.90. On October 29, 1891, defendant paid to Stetson, or his deputy, $59.85, and of this sum $52.50 was to pay for said ten and one-half days' work at the agreed price of $5 per day, and $7.35 was to pay certain extra expenses. Afterwards, on November 2d, defendant paid Stetson $10, and received from him a receipt reading as follows:

"SAN DIEGO, CAL., November 2, 1891.

"Received of George W. Hazzard the sum of $10 in full for fees in the case of *George W. Hazzard* v. *Santa Rosa Land and Improvement Company*.

"CHARLES M. STETSON,
"Constable San Diego Township."

The court found that "said Stetson received and accepted said several sums of money, aggregating in the whole the sum of $69.85, in full of all demands which he had against the defendant on account of his said services; and that said payments were made by defendant to said Stetson before said Stetson had made the assignment of his pretended claim to plaintiff, and that

the defendant is not, and was not at the commencement of this action, indebted to plaintiff in any sum whatever."

Judgment was accordingly entered that the plaintiff take nothing by her action, from which and from an order denying a new trial she appeals.

It is claimed for appellant that the agreement of September 21st was not a contract, and that at most it could only be considered a unilateral offer on the part of the constable, which required an unconditional acceptance to make it binding, and that "the writing as a contract in itself is void: (*a*) Because it is not executed by respondent, that is, it does not show his assent; (*b*) Because there is no second party to the instrument; (*c*) There is no mutuality of obligation or rights."

The writing was more than a unilateral offer on the part of the constable. It was an agreement in writing, signed and delivered by him to the defendant. It was accepted by defendant, and was acted upon by both parties. This was a sufficient execution to make the writing a binding obligation and to meet all the objections above noted. (*Reedy* v. *Smith*, 42 Cal. 245.)

It is further claimed that the agreement was against public policy, and was therefore void. We fail to see any valid ground on which this claim can be sustained. The agreement was not intended to work any fraud or wrong upon any party; and so far as appears it cannot be classed as *malum in se* or *malum prohibitum*. It may be that the property to be levied on and sold was not worth enough to pay the judgment and the constable's legal fees for making the levy and sale; and, if so, there was no violation of public policy in his agreeing to take less than his legal fees. The property was not redeemed from the sale, and presumably because it was not worth what it was bid in for. It is admitted that it was orally understood that if the property should be redeemed, and the purchaser receive back the money bid, then he was to pay the constable the full amount of his fees.

This was fair and just, and by the arrangement the law was in no way violated.

We find no prejudicial error in the record, and advise that the judgment and order be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.