[Civ. No. 10918. First Appellate District, Division Two.—November 18, 1938.]

HELENA MORGENSTERN, Appellant, v. JAMES W. BAILEY, as Administrator, etc., et al., Respondents.

James P. Montgomery for Appellant.

Weinmann, Quayle & Berry for Respondents.

NOURSE, P. J.—This is an appeal by plaintiff on a bill of exceptions from a judgment in favor of defendant in an action to have a certain stipulation vacated and declared null and void. James W. Bailey, as administrator with will annexed of the Estate of Alfred Morgenstern, deceased, and also as executor of the Estate of Emily Morgenstern, deceased, is substituted as party respondent in place of Emily Morgenstern, individually and as executrix of the Estate of Alfred Morgenstern.

By contract of July 31, 1930, Alfred Morgenstern, son of appellant, in return for a $12,000 asset, agreed to pay appellant $50 a month as long as she lived and charged "his estate with the obligation of continuing the payments herein specified during the life time" of appellant. Alfred Morgenstern made the payments pursuant to the contract until his death, July 7, 1934. At his death he left a will providing:

"I hereby direct that my wife Emily Morgenstern, pay to my said Mother, the sum of Fifty Dollars ($50.00) per month, during the period of life of said Helena Morgenstern; said payments to be made out of the property and estate received by my said wife, Emily Morgenstern, from my estate."

On November 1, 1934, appellant presented a creditor's claim based upon the contract against Alfred Morgenstern's estate and upon rejection of said claim, appellant instituted an action. Upon commencement of the action, Emily Morgenstern stopped payments on the · contract, and about two months thereafter appellant executed the stipulation in question. Appellant agreed among other things to waive her rights to share in her son's estate in consideration of the payment by Emily of the sum of $50 per month pending the adjudication of the action upon the contract. Emily again resumed payments. On August 23, 1935, the action on the rejected claim proceeded to final judgment in favor of appellant. The appellant now brings this action to vacate the stipulation, claiming $100 a month, $50 a month upon the contract, and $50 a month under the will.

On appeal appellant contends that the judgment should be reversed on the following grounds: The stipulation is null and void as a contract (1) for want of consideration; (2) undue influence exercised over appellant; (3) lack of knowledge of contents of the stipulation; (4) not signed by Emily Morgenstern; (5) the stipulation being void, rescission not necessary; (6) a claim against an estate cannot be compromised without sanction of probate court under Probate Code, section 718.5.

■ The stipulation is supported by good consideration. "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Civ. Code, sec. 1605; *Irving* v. *Irwin*, 133 Cal. App. 374, 378 [24 Pac. (2d) 215]; *Rusconi* v. *California Fruit Exchange,* 100 Cal. App. 750, 754 [281 Pac. 84].) Emily agreed to pay appellant $50 a month until the termination of the action which she was not legally obligated to do, either under the

contract while the action was pending or under the will until the property was distributed to her.

The court found there was no undue influence exercised by Emily in the execution of the instrument, and that she did not take an oppressive or unfair advantage of the appellant. This finding is amply supported by the evidence.

Appellant's alleged ignorance of the contents of the stipulation does not release her from the effect thereof. (*Placer County Bank* v. *Freeman,* 126 Cal. 90 [58 Pac. 388]; *Simmons* v. *Ratterree Land Co.,* 217 Cal. 201 [17 Pac. (2d) 727].) Furthermore, the allegation was not proved.

Appellant's contention that the stipulation is not a binding obligation because not signed by Emily is of no avail. An agreement in writing which is signed and delivered by the promisor and accepted and acted upor. by both parties, is sufficiently executed to make it a binding obligation of the party signing it. (*Bloom* v. *Hazzard,* 104 Cal. 310 [37 Pac. 1037].)

Since the stipulation is a valid contract, appellant cannot avail herself of the right of rescission. When such right exists, section 1691 of the Civil Code prescribes the mode of rescission and this mode must be pursued.

Section 718.5 of the Probate Code has no application. That section applies when a compromise of a claim or suit against an estate is involved. The contract in suit does not purport to compromise any claim. It is plainly and simply a waiver of the rights as a legatee under the will, freely and voluntarily given upon a valid consideration.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 17, 1938.