[Civ. No. 40175. Second Dist., Div. Five. May 8, 1973.]

ARTHUR S. FEARY, Plaintiff and Appellant, v.
AARON BURGLAR ALARM, INC., et al.,
Defendants and Respondents.

554

**COUNSEL**

O'Connor & Wood and Timothy M. O'Connor for Plaintiff and Appellant.

Gold, Herscher & Taback and Daniel M. Herscher for Defendants and Respondents.

## Opinion

**ASHBY, J.**—Plaintiff appeals from a judgment after the granting of defendants' motion for a judgment on the pleadings awarding plaintiff (appellant) damages of $50. The facts are not in dispute.[1] For purposes of defendants' motion for judgment on the pleadings, the factual allegations in appellant's complaint are deemed to be true. The following is an outline of the facts alleged in the complaint.

Appellant owns and operates a retail jewelry store in the City of Redondo Beach. Defendants (respondents) operate a business of installing and maintaining burglar alarm systems in various types of businesses, including jewelry stores.

In 1958 respondents installed a burglar alarm system in appellant's jewelry store and maintained it for a monthly service charge. In the subsequent years respondents upgraded and improved the burglar alarm system. On April 23, 1963, the parties signed a printed form agreement entitled "Central Station Burglary Protection Service." This document provided, inter alia: "15. It is agreed by and between the parties hereto: that the Contractor is not an insurer; that the payments hereinbefore named are based solely on the value of the services provided for herein; that, from the nature of the services to be rendered, it is impracticable and extremely difficult to fix the actual damages, if any, which may proximately result from a failure on the part of the Contractor to perform any of its obligations hereunder; that, in case of the failure of the Contractor to perform any of its obligations hereunder, and a resulting loss to the Subscriber, the Contractor's liability hereunder shall be limited to a fixed sum of fifty dollars, as liquidated damages, and not as a penalty, and this liability shall be exclusive."

In November 1969, appellant's business was burglarized and $100,000 of valuable jewelry was stolen from the premises.

Pursuant to stipulation and for purposes of respondents' motion for judgment on the pleadings before trial, the trial court concluded that respondents were: 1) negligent in the installation and maintenance of the burglar alarm system; 2) breached an express and implied warranty to appellant; and 3) appellant was damaged in the amount of $100,000 as a proximate result of both respondents' negligence and breach of warranty.

---

[1]Defendants adopted plaintiff's statement of the facts which in substance is set forth above. Technically defendants' motion is not for a judgment on the pleadings because that is equivalent to a general demurrer but the parties agreed to a procedure designed to reach the legal issues and we have adopted their terminology.

The court also concluded that paragraph 15 of the service agreement executed between the parties was a valid liquidated damage provision under the holding in the *Better Food Mkts.* v. *Amer. Dist. Teleg. Co.* (1953) 40 Cal.2d 179 [253 P.2d 10]. For this reason the court determined that appellant's damages were contractually limited to $50. A judgment on the pleadings in favor of appellant for the sum of $50 was entered accordingly.

█ The dispositive issue in this case involves the validity of paragraph 15 concerning the liquidated damage provision. Civil Code section 1670 provides that every contract by which the amount of damage to be paid is determined in anticipation of a breach is to that extent void except as provided in section 1671. Section 1671 provides: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." This section has been interpreted by the Supreme Court in *Better Food Mkts.* v. *Amer. Dist. Teleg. Co., supra,* 40 Cal.2d 179. Also see *Zurich Ins. Co.* v. *Kings Industries, Inc.,* 255 Cal.App.2d 919 [63 Cal.Rptr. 585]. Appellant contends that enactment of Commercial Code section 2718, subdivision (1),[2] modified Civil Code sections 1670 and 1671 and made *Better Food, supra,* inapplicable. We do not agree. The enactment of section 2718, subdivision (1), did not repeal Civil Code section 1671 nor did it impair the applicability of that provision to the facts before us. Section 2718, subdivision (1), applies to the sale of goods.[3] Section 2102 expressly limits the division which includes 2718, subdivision (1), to transactions in goods "[u]nless the context otherwise requires, . . ."

The agreement we are considering was not for the sale of a burglar alarm. It merely provided for the installation and maintenance of the burglar alarm during the term of the agreement.[4]

---

[2]Commercial Code section 2718, subdivision (1), provides: "Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty."

‚ [3]Commercial Code section 2101 provides that: "This division shall be known and may be cited as Uniform Commercial Code—Sales."

[4]The following provisions of the agreement are clearly inconsistent with the sale theory:

"9. It is understood and agreed that the Contractor may remove said system, including all devices, instruments, appliances, and all connections, wires, conduits, foils, screens, cabinets, springs, and any other materials associated therewith, upon termination of this agreement by lapse of time, default in the payment of any moneys due hereunder, or otherwise, without any obligation to repair or redecorate any

We hold that *Better Food Mkts. v. Amer. Dist. Teleg. Co., supra,* 40 Cal.2d 179, is directly in point and is controlling.

In *Better Food, supra,* the parties entered into a written agreement under which the defendant installed and maintained a burglar alarm system in plaintiff's market. Upon receiving the signal of a burglary or holdup, defendant was to transmit that alarm to the police. Plaintiff's store was robbed and defendant did not promptly act or relay the alarm to the police and consequently the robber escaped with $35,930. The court held that plaintiff was limited in his recovery for defendant's tort to the $50 liquidated damages provided for in their agreement.[5]

■ The California Supreme Court affirmed the lower court holding that: "The validity of a clause for liquidated damages requires that the parties to the contract 'agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof . . .' (Civ. Code, § 1671.) This amount must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained. (*Dyer Bros. Iron Wks. v. Central Iron Wks., supra,* 182 Cal. 588 [189 P. 445]; *Rice v. Schmid, supra,* 18 Cal.2d 382, 386 [115 P.2d 498, 138 A.L.R. 589]; Restatement, Contracts, § 339, p. 554.) It has been suggested that the greater the difficulty encountered by the parties in estimating the damages which might arise from a breach, the greater should be the range of estimates which the courts should uphold as reasonable. (5 Corbin on Contracts, § 1059, p. 291.) ■ The plaintiff's contention that the agreed amount did not represent an endeavor by the parties to estimate the probable damage is based on evidence that the liquidation clause was part of the printed material in a form contract

portion of the Subscriber's premises upon removal of the Contractors' [sic] system, and that the removal of the system as aforesaid shall not be held to constitute a waiver of the right of the Contractor to collect any charges which have accrued or may accrue hereunder.

"    .    .    .    .    .    .    .    .    .    .    .    .    .

"12. It is understood and agreed that in the event of floods, fires, explosions or acts of God that result in damage to the Contractor's installed equipment on the Subscriber's premises the Subscriber shall be held liable for the equipment and the cost of re-installation."

[5]The agreement for liquidated damages was as follows: ". . . 'It is agreed by and between the parties that the Contractor is not an insurer, that the payments hereinbefore named are based solely on the value of the service in the maintenance of the system described, that it is impracticable and extremely difficult to fix the actual damages, if any, which may proximately result from a failure to perform such services and in case of failure to perform such services and a resulting loss its liability hereunder shall be limited to and fixed at the sum of fifty dollars as liquidated damages, and not as a penalty, and this liability shall be exclusive.'" (*Better Food Mkts. v. Amer. Dist. Teleg. Co., supra,* 40 Cal.2d at p. 184.)

generally used by the defendant in dealing with subscribers such as the plaintiff, and that the defendant did not investigate the plaintiff's manner of conducting its business or the character and value of its stock. Nevertheless the parties agreed to the liquidation provisions, and there is no evidence that they were not fully aware of circumstances making it desirable that liquidated damages be provided for. [¶] In the present case the impracticability or extreme difficulty in fixing actual damages appeared as a matter of law. In the exercise of their business judgment the parties reasonably agreed that in all cases of breach by the defendant the damages would be fixed at $50 whether in fact the defendant's loss for a given breach was greater or less than that amount. As previously stated the stipulation that the amount was to be paid 'as liquidated damages and not as a penalty' while entitled to some weight is not conclusive. Nevertheless, it is clear that the actual loss resulting from a breach could in many cases be less than the amount provided for. It is equally clear that in many other cases the actual loss would exceed that amount. To construe this as a penalty it would have to be said that the amount provided to be paid bore no reasonable relation to the losses the parties thought might be sustained. This may not rightly be stated." (*Better Food Mkts.* v. *Amer. Dist. Teleg. Co., supra,* 40 Cal.2d at pp. 186-187.)

In seeking actual damages, appellant is attempting to enforce a tort measure of damages based on the trial court's stipulated finding that respondents were negligent in the installation and maintenance of the burglar alarm system. There is no allegation of property damage or the breach of any duty other than that contemplated by the contract. We hold that appellant is limited to the damages provided for in the agreement. The court in *Better Food, supra,* at page 188, stated: ". . . Although an action in tort may sometimes be brought for the negligent breach of a contractual duty (*Jones* v. *Kelly,* 208 Cal. 251 [280 P. 942]), still the nature of the duty owed and the consequences of its breach must be determined by reference to the contract which created that duty. . . . The plaintiff cites no authority and none has been discovered to the effect that where the breach of a duty created only by contract is a negligent one the application of a valid clause for liquidated damages may be avoided by bringing an action in tort."

■ Appellant's final contention is that the agreement for installation and maintenance of the burglar alarm was never executed. Appellant argues that the agreement specifically provided in paragraph 18 that it was not binding on the respondents unless it was signed by an authorized rep-

resentative and argues that it was not so signed.[6] This contention is without merit. The agreement was dated April 23, 1963. It bears the signature of A. S. Feary as owner of Riviera Jewelers, and Paul T. Chamberlain as agent of the Aaron Burglar Alarms, Inc. Regardless of whether Chamberlain's signature is sufficient, the agreement has been performed by both parties for more than six years.[7] Appellant is clearly bound by the agreement. (*Bloom* v. *Hazzard,* 104 Cal. 310 [37 P. 1037]; *Morgenstern* v. *Bailey,* 29 Cal.App.2d 321, 324 [84 P.2d 159]; *John* v. *Marshall,* 103 Cal.App.2d 172, 178 [229 P.2d 367]; *Beatty* v. *Oakland Sheet Metal etc. Co.,* 111 Cal.App.2d 53, 62 [244 P.2d 25].)

The judgment is affirmed.

Stephens, J., and Cole, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 6, 1973.

---

[6]"I say it is not executed, Judge, because it has a space where it calls for the subscriber, that would be the plaintiff, to sign it, then it has a space, if you will bear with me, for the contractor to sign it. Then it says in printing, 'Aaron Burglar Alarm, Inc.' the contractor. Then under that there is a line printed by Paul T. Chamberlain, president. Then under that it says, 'Approved:'. Then there's a line for it to be signed by authorized representative of contractor and it is never signed, so what is good for the goose should be good for the gander."

[7]April 1963 to November 1969.

*Assigned by the Chairman of the Judicial Council.