NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO VALENZUELA, an individual; RUBY VALENZUELA, an individual; and PEARL OF THE ORIENT, INC., a California corporation d/b/a MANILA FINE JEWELERS,<br><br>        Plaintiffs - Appellants<br>        and Cross-Appellees,<br><br>  v.<br><br>ADT SECURITY SERVICES, INC.,<br><br>        Defendant - Appellee<br>        and Cross-Appellant. | No. 10-56455 and 10-56517<br><br>D.C. No. 2:09-cv-02075-DMG-FFM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 16, 2012
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge. [**]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Robert W. Pratt, District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

Plaintiffs-Appellants Roberto and Ruby Valenzuela and Pearl of the Orient, Inc. d/b/a Manila Fine Jewelers (collectively "Valenzuela") appeal from the following district court orders: 1) the grant of summary judgment in favor of Defendant-Appellee ADT Security Services, Inc. ("ADT") on Valenzuela's claim of gross negligence; 2) the decision to enforce a limited damages provision after granting summary judgment in favor of Valenzuela on a breach of contract claim; and 3) the refusal to award attorneys' fees in favor of Valenzuela. ADT cross-appeals the district court's refusal to award attorneys' fees in its favor. We have jurisdiction pursuant to 28 U.S.C § 1291. We review *de novo* the district court's legal determinations. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). We review the district court's decision to award or deny attorneys' fees for abuse of discretion. *Drucker v. O'Brien's Moving & Storage, Inc.*, 963 F.2d 1171, 1173 (9th Cir. 1992).

The district court properly granted summary judgment in favor of ADT on Valenzuela's gross negligence claim. Although ADT failed properly to install Valenzuela's alarm system and failed to provide notification services when it actually received an alarm signal from the system, ADT's legal obligation to provide either service arose solely from its contractual relationship with Valenzuela, not from any duty independent of the parties' contract. *See Ehrlich v.*

2

*Menezes*, 21 Cal. 4th 543, 558 (1999) ("[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law."); *Better Food Mkts., Inc. v. Am. Dist. Tel. Co.*, 40 Cal. 2d 179, 187-88 (1953) (limiting a plaintiff to contractual remedies where a defendant alarm company failed timely to report alarm activations to law enforcement).

The district court properly limited Valenzuela's damages for breach of contract to $1,000. In California, liquidated damages provisions in commercial contracts are presumed valid "unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b). Valenzuela has not identified any circumstances that existed at the time of contract formation that would support a conclusion that the liquidated damages provision was unreasonable. Moreover, California courts routinely uphold such provisions in cases such as this one. *E.g.*, *Better Food Mkts., Inc.*, 40 Cal. 2d at 187; *Atkinson v. Pac. Fire Extinguisher Co.*, 40 Cal. 2d 192, 196–97 (1953); *Guthrie v. Am. Protection Indus.*, 160 Cal. App. 3d 951, 953 (1984); *Feary v. Aaron Burglar Alarm Inc.*, 32 Cal. App. 3d 553, 558 (1973).

The district court properly denied Valenzuela's request for attorneys' fees. Although Valenzuela was successful in obtaining a breach of contract judgment against ADT, "prevailing party" status for purposes of an attorneys' fee award under California Civil Code § 1717 is measured by "compar[ing] the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings . . . and similar sources." *Hsu v. Abbara*, 9 Cal. 4th 863, 876–77 (1995). Valenzuela succeeded in obtaining only a minute portion of its claimed damages. It was well within the trial court's discretion to decline Valenzuela prevailing party status in such circumstances. *See Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002).

Finally, the district court properly denied ADT's request for attorneys' fees. Certainly, when comparing simple monetary results, ADT was ostensibly more successful in achieving its litigation goals than was Valenzuela.[1] A determination of prevailing party status, however, does not turn on mere monetary results; rather, it requires evaluation of overall *litigation success*. *See Hsu*, 9 Cal. 4th at 876–77. To that end, we find it was not an abuse of discretion for the district court to decline ADT prevailing party status where ADT actively sought to avoid both the

---

[1] Valenzuela maintained at all times an entitlement to over $821,000 in damages. ADT maintained at all times that Valenzuela's breach of contract claim was barred, or if not, that Valenzuela was limited to $1,000 damages.

4

entry of judgment and the entry of $1,000 damages against it on Valenzuela's breach of contract claim.

The district court's determinations on all of the foregoing issues is, therefore, AFFIRMED.