[L. A. No. 6915. In Bank.—January 27, 1922.]

B. STARK, Respondent, v. M. SHEMADA, Appellant.

[1] CONTRACT—SALE OF SECOND-HAND FURNITURE—DEFAULT OF SELLER —LIQUIDATED DAMAGES — PROVISION NOT ENFORCEABLE.—A provision in a contract for the sale of the furniture and furnishings of a hotel that in the case the seller failed to deliver the furniture he was to pay the sum of five hundred dollars as a forfeit is not enforceable, notwithstanding the purchaser was an auctioneer and dealer in second-hand goods and bought the furniture for resale.

[2] ID.—SECOND-HAND FURNITURE—MARKET VALUE.—It is a matter of common knowledge that second-hand household and hotel furnishings are a commodity of extensive barter and sale, with a market value, according to their condition and quality, readily ascertainable.

[3] ID.—LIQUIDATED DAMAGES — STIPULATION OF PARTIES — ENFORCE-MENT.—Even where the parties to a contract for liquidated damages have by written stipulation agreed that it would be impracticable and extremely difficult to fix the actual damages, if the facts do not support such stipulation, it cannot be enforced.

[4] FINDINGS — SPECIAL FACTS — CONCLUSION OF LAW.—Where the special facts upon which a finding rests are declared by the court, the ultimate finding of the court is but a conclusion of law with no better foundation than is given by the facts recited.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Reversed.

The facts are stated in the opinion of the court.

Cedric E. Johnson for Appellant.

E. F. Gerecht and C. W. Hall for Respondent.

SLOANE, J.—Defendant appeals from a judgment awarding plaintiff as liquidated damages the sum of five hundred dollars for breach of a contract for the sale of certain second-hand household furniture.

By the terms of the agreement defendant sold to the plaintiff the furniture and furnishings of the premises known as the Federal Hotel in the city of Los Angeles for the agreed price of one thousand seven hundred dollars. It was stipulated by the parties that should the plaintiff fail to take the goods or pay the purchase price on the 24th of January, 1919, he was to forfeit the sum of fifty dollars cash on the purchase price, and the sum of $450 additional, which he had deposited in bank on account of said transaction; and should the defendant refuse to deliver to plaintiff the possession of the goods on said 24th of January, 1919, defendant should pay to plaintiff the sum of five hundred dollars. The defendant defaulted in the delivery of the goods on tender of performance by the plaintiff at the date stipulated.

[1] The stipulated damages, therefore, on the part of the defendant are all we are concerned with on this appeal.

The precise terms of the contract in this particular are as follows: "It is also agreed that in case the said Shemada [the defendant] fails to deliver said furniture to said B. Stark [the plaintiff] on January 24th, 1919, he is to pay

B. Stark the sum of $500.00 as a forfeit for his failure to deliver said furniture."

Whether this stipulation is for a penalty or as liquidated damages, we are satisfied it will not support the judgment appealed from.

It is pleaded as liquidated damages in the amended complaint.

In an attempt to avoid the application of sections 1670 and 1671 of the Civil Code, wherein it is declared that; "Every contract by which the amount of damage to be paid or other compensation to be made, for the breach of an obligation, is determined in anticipation thereof" shall be void except "when, from the nature of the case it would be impracticable or extremely difficult to fix the actual damage," the amended complaint contains the following allegations:

"That the business of the plaintiff is that of an auctioneer and that the sole purpose for the purchasing of said furniture and furnishings from defendant by this plaintiff was to sell said furniture and furnishings by auction at public sale, all of which facts the defendant knew at all times mentioned herein, and the amount to be realized from said sale of said furniture and furnishings depended entirely on the conditions surrounding said public sale, and naturally the amount of the profits to be made cannot be ascertained, as there is no way to ascertain the amount that each piece of furniture or furnishings would bring at such sale; that from the nature of the case it would be impractical or extremely difficult to fix the actual damage suffered by plaintiff in case of a breach of said agreement on the part of defendant, and that fact being recognized by both parties hereto, the sum of five hundred dollars was agreed upon as the amount of damage to be paid to plaintiff by defendant in case of a breach of the terms of said agreement by defendant; that it is impractical to fix the actual damage suffered by plaintiff herein by reason of the breach of said agreement on the part of defendant because of the facts as hereinabove set forth."

There is nothing contained in these averments of the complaint to bring the stipulated damages within the exception of the Civil Code, section 1671.

The circumstance that plaintiff was an auctioneer, and that his purpose, as known to the defendant, was to sell the goods again at public auction, does not add anything to the ordinary measure of damages for breach of the contract to sell.

[2] The essential facts are that this second-hand furniture as shown by the pleadings and findings was an ordinary commodity of personal property to be bought and sold on the open market. It is a matter of common knowledge that second-hand household and hotel furnishings are a commodity of extensive barter and sale, with a market value, according to its condition and quality, readily ascertainable. The obligation of the vendor is not to guarantee the purchaser a certain future profit whether on public or private sale. His liability is fixed by statute.

The breach of an agreement to sell personal property, the price of which has not been fully paid in advance, as is the situation here, is declared by section 3308 of the Civil Code to be "the excess, if any, of the value of the property to the buyer, over the amount which would have been due the seller under the contract, if it had been fulfilled," and in estimating damages it is provided by section 3354 of the Civil Code that "the value of property to a buyer, or owner thereof deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice with reasonable diligence, for him to make such a purchase."

Circumstances may arise where, when the property is purchased for a special purpose, or has a special value, special damages may be allowed, but the facts as here pleaded and found that the goods were purchased by a dealer in second-hand furniture to be sold at auction in the line of his business does not take the case out of the general rule.

[3] Even where the parties to the contract for liquidated damages have by written stipulation agreed that it would be impracticable and extremely difficult to fix the actual damages, if the facts do not support such stipulation it cannot be enforced. (*Pacific Factor Co.* v. *Adler,* 90 Cal. 110, [25

Am. St. Rep. 102, 27 Pac. 36]; *Patent Brick Co.* v. *Moore,* 75 Cal. 205, [16 Pac. 800].)

This appeal was taken on the judgment-roll alone, and the trial court has found, in accordance with the allegations of the complaint, "that it is true that from the nature of the business of the plaintiff, and of the defendant, it would be impracticable and extremely difficult to fix the actual damage suffered by either party in the event of a failure of either party to fulfill his part of the agreement." Doubtless it is upon this fact that the learned district court of appeal, from whose decision this hearing was granted, based its judgment of affirmance. The presumption might ordinarily be indulged that facts and circumstances surrounding the transaction appeared in evidence before the trial court to support its finding. We think, however, that such presumption is precluded here from the circumstance that the court predicated its finding upon a recital of the conditions that plaintiff was an auctioneer and dealer in second-hand goods, and bought the furniture for resale, together with other reasons stated in the complaint, as the basis for the conclusion that it would be impracticable and extremely difficult to fix the actual damages.

[4] Where the special facts upon which a finding rests are declared by the court the ultimate finding of the court is but a conclusion of law with no better foundation than is given by the facts recited. (*Ions* v. *Harbison,* 112 Cal. 260, [44 Pac. 572]; *Niles* v. *Edwards,* 90 Cal. 10, [27 Pac. 159, 296]; *Klein* v. *Lewis,* 41 Cal. App. 463, [182 Pac. 789].) As already pointed out, the conditions under which this stipulation for liquidated damages was given, and as recited in both the complaint and the findings, do not support the judgment for damages.

There are other specifications of error advanced by appellant, but, as the judgment must be reversed on the ground discussed, it is unnecessary to consider them.

The judgment is reversed.

Lennon, J., Waste, J., Shurtleff, J., Lawlor, J., and Shaw, C. J., concurred.

WILBUR, J., Concurring.—I concur.

Under sections 3308 and 3314 of the Civil Code the measure of damages for the failure to deliver personal prop-

erty sold is fixed by law and thus rendered definite and certain. The parties cannot, by stipulation or agreement that such damages are in fact uncertain, nor can the court by so finding, render uncertain that which the law has thus fixed.