[Civ. No. 6356. First Appellate District, Division Two.—May 22, 1928.]

ALAMEDA CITY LAND CO. (a Corporation), Respondent, v. W. J. MORTIMER, Appellant.

Clark, Nichols & Eltse for Appellant.

Stanley Pedder for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover an alleged delinquent assessment on shares of stock alleged to be owned by the defendant. The defendant

appeared and answered and a trial was had in the lower court before the court sitting without a jury. The trial court made findings in favor of the plaintiff. From a judgment entered on those findings the defendant has appealed and has brought up the judgment-roll and a bill of exceptions. The bill of exceptions is so brief that it covers only two pages of the transcript and contains little, if anything, material to the points presented by the defendant.

■ The first point made by the defendant is that under section 349 of the Civil Code the plaintiff had no right to institute actions against some of the delinquent stockholders and at the same time, as to other stockholders, to proceed in the ordinary manner and take the ordinary relief of conducting a sale of the delinquent stock. In making this contention the defendant asserts that section 349 of the Civil Code should be construed as though it were worded as follows: "On the day specified for declaring the stock delinquent or at any time subsequent thereto and before the sale of the delinquent stock, the board of directors may elect to waive further proceedings under this chapter for the collection of (unpaid) delinquent assessments, or any part or portion thereof (remaining unpaid) and may elect to proceed by action to recover the amount (of the unpaid part) of the assessment and the costs and expenses already incurred, or any part or portion thereof (so remaining unpaid)." Words in parentheses are interpolations. We are wholly unable to follow counsel in this contention. To do so would be judicial legislation. We have no such power (23 Cal. Jur. 727). It is earnestly argued that any other construction renders the provisions of the statute unjust. We do not concede that following the statute as written its provisions are unjust. But even though they may be the argument should be addressed to the legislature and not to the courts. The statute has stood on the books since 1872 and this is the first time that it has been claimed that the statute is unjust. A similar statute exists with reference to every taxpayer. (Pol. Code, sec. 3899.) But whether just or unjust, the action was properly brought against the defendant.

■ In the next place the defendant contends that he never became a stockholder. This point is based on the facts surrounding the organization of the plaintiff on April 9,

1917. A few days later it applied to the Commissioner of Corporations for a permit to issue stock. Later a permit was issued. That permit, among other things, contained the following passages, which we have numbered 1 and 2:

1. "Pursuant to its application, Alameda City Land Co. is permitted to sell and issue shares of its capital stock to the present subscribers therefor, not exceeding in the aggregate to any one or all of them 9991 shares, in exchange for all that certain real property described in said application first to be transferred to said company, subject only to any taxes or assessments that may be a lien on said property at the time of said transfer, and to any mortgage or deed of trust of 'said real property now existing or hereafter to be executed prior to said transfer securing the payment of a principal sum not exceeding $500,000, together with interest then accrued thereon.

2. "This permit is issued upon the condition that all certificates for any of said shares, when issued, shall be forthwith deposited with the Commissioner of Corporations, or with such other depositary as may be selected by the certificate holder and approved by said Commissioner, to be held as an escrow pending the further order of said Commissioner, and that while the same shall be so held, shares evidenced thereby shall not be sold or offered for sale or otherwise transferred without the consent of said Commissioner shall have been first obtained in writing so to do."

It will be noted that in paragraph 1 it is stated that certain real estate will be conveyed to the corporation subject to a mortgage debt of $500,000. As the organization proceeded the real estate was conveyed free and clear of any debt. Still later the plaintiff corporation executed a mortgage, which act was performed after it received its permit. The fact that the real property was conveyed to the corporation free of mortgage debts was not in violation of the permit, but in harmony therewith. The fact that thereafter the real property was mortgaged was foreign to the provisions of the permit, which neither gave nor withheld the power to mortgage.

As a part of this same point the defendant calls to our attention that after receiving its permit and as a part of the execution of the mortgage, each prospective share-

holder executed a joint guaranty under the provisions of which each stockholder guaranteed the mortgage in the proportion of stock held by such stockholder. Reverting to the terms and provisions of the permit, it will be noted that there was nothing in that transaction that was in any respect in violation of the provisions of the permit. Another subdivision of the point made by the defendant is that when the real estate was actually conveyed the deed omitted two acres which were at all times used for a road. The finding of the trial court was that the conveyance was a substantial performance of the terms of the application. There is nothing in the record to show that it was not.

Relying on the items just discussed, the defendant contends that the permit was void. He cites no provision of the statute and no decision supporting the contention. Again reverting to the terms of the permit it will be noted that all of the conditions thereof are contained in paragraph 2. It is not even contended that a single one of those conditions has been violated. The facts were otherwise in *Stark* v. *Shemada*, 187 Cal. 785 [204 Pac. 214]. It is not in point. As the contrary does not appear, we hold the permit was not void.

■ The next point made by the defendant in his opening brief is expressly waived in his closing brief. We pass, therefore, to the fourth point. In that point he calls to our attention that he interposed a counterclaim in which he pleaded his contention that the permit was void, and, not being informed as to the facts of its invalidity, he had paid $1,000, which in equity and good conscience the plaintiff should return. Thereupon he asserts that the judgment of the trial court should have been in his favor on the counterclaim. As we have shown above, the permit was not void. It is unnecessary for us to further discuss the point.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1928.

All the Justices present concurred.