[Civ. No. 10074.   Second Appellate District, Division One.—March 10, 1936.]

RANCHO LA SIERRA, INC. (a Corporation), Respondent,
v. JOTHAM BIXBY, Appellant.

Combs & Combs for Appellant.

Denio, Hart, Taubman & Simpson for Respondent.

ROTH, J., *pro tem.* — Respondent corporation was organized in 1924 with a board of seven directors.   Its articles of incorporation provided at that time, and at the time appel-

lant became a stockholder some time prior to 1929, that its stock was assessable. There was, however, no specific provision for the collection of such assessment by action in court. Under the law, as it then existed, when stock was assessable, assessments could be collected by direct action, even though the articles of incorporation did not specifically so provide. (*Alameda City Land Co.* v. *Mortimer*, 92 Cal. App. 113 [267 Pac. 895]; *Marshall* v. *Wentz*, 28 Cal. App. 540 [153 Pac. 244].)

In August, 1931, by written declaration and consent of more than two-thirds of all the stockholders, in accordance with sections 362, 362a and 362b of the Civil Code, the articles were amended reducing the board of directors from seven to five. In the same certificate of amendment a provision authorizing the levy and collection of assessments in the manner provided by chapter 9 of title 1 of part 4 of division first of the Civil Code of the state of California, was also made. This latter amendment was made as a substitution for article eighth of the articles of incorporation. As it originally read, said article eighth provided for the levy and collection of assessments ''in the manner provided by article 2 of chapter 2 of title 1 of the Civil Code of the state of California''. The amendment with reference to article eighth was undoubtedly made because section 336 of the Civil Code, as adopted in 1931, specifically changed the law theretofore existing with reference to bringing actions for collection of assessments, providing '' . . . The only remedy for the collection of an assessment on fully paid shares shall be by sale or forfeiture unless the remedy by action is expressly authorized in the articles . . . '' Realizing that the amendment made of article eighth in 1931 might lack vitality, because of its nonspecific nature, the directors thereafter on January 26, 1932, again amended article eighth of the original articles of incorporation and provided specifically that the directors at their election ''may collect any such assessment in any court of competent jurisdiction . . . '' This latter amendment was adopted by the written consents of more than two-thirds of all the stockholders, defendant herein being one of the consenting stockholders. Thereafter, respondent levied assessments in 1932 and in February, 1933. Except as hereinafter pointed out, all proceedings in connection with such levies were regular and in accordance with law. Respondent obtained judgment

against appellant for the amount of such assessments, from which judgment this appeal is taken.

Appellant contests the regularity of the assessments, first, on the ground that the board of directors was not reduced from seven to five in accordance with law, in that the amendment reducing the board of directors from seven to five was made by resolution of the board of directors, and thereafter adopted by the stockholders without holding a stockholders' meeting. As a consequence of this alleged procedure, appellant claims that the levy of the assessment originally initiated by the unanimous vote of five directors was not a legally sufficient enactment of the authorizing resolution, even though subsequently consented to in writing by the holders of more than two-thirds of the outstanding shares. A complete answer to this proposition is that there is no evidence that the amendment reducing the board of directors was made as appellant claims. The certificate of amendment recites, after referring to a resolution of the board of directors passed at a meeting of the board on August 31, 1931, which resolution had to do with the first change made in article eighth of the articles of incorporation, as follows:

"Subsequent to the adoption of said resolution of the Board of Directors of said corporation, as aforesaid, and prior to the execution of this Certificate, *the shareholders of the said corporation holding and representing 1397 shares of the issued and outstanding capital stock of said corporation, being more than two-thirds (2/3) of said issued and outstanding capital stock, executed and filed with the Secretary of said corporation their written consent to said resolution of the Board of Directors and to the amendment of the Articles of Incorporation of said corporation therein provided for,* and also provided that the Directors of said Rancho La Sierra, Inc., be decreased from seven (7) to (5), and that the Articles of Incorporation of said corporation be, and they are amended for that purpose so that Article Fifth thereof shall be in the following form: . . . " (Italics ours.)

There is no evidence that the board of directors was reduced by any other method, and as stated in the preliminary outline of facts, the method used was expressly authorized by sections 362a and 362b of the Civil Code.

Appellant's second contention is that the resolution amending article eighth adopted January 26, 1932, and con-

sented to by more than two-thirds of the stockholders, was irregularly adopted because it was not ratified by *unanimous* consent of all of the stockholders. The fallacy of this contention is that all assessments herein sued upon had been levied and causes of action accrued thereon prior to the amendment of section 336 of the Civil Code in 1933. As amended in 1933, section 336 provided, in substance, that remedy by action could be had only if authorized by the original articles or by amendment to the articles adopted prior to the effective date of the 1933 amendment, and that in order to amend articles to provide such remedy after the effective date of the 1933 amendment of section 336, it must appear that all stockholders consented, and provided, further, that the certificates of stock must specifically recite that there was such a remedy. The amendment to article eighth was here made on January 26, 1932, as already pointed out, and the portion of section 336 of the Civil Code, as amended in 1933, requiring unanimous consent, has no application. The amended section itself plainly says so.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.