[L. A. No. 17840. In Bank.—July 31, 1941.]

R. L. RICE, Appellant, v. AUGUSTA SCHMID, as Administratrix, etc., et al., Respondents.

H. M. Lineman, Mab Copland Lineman and Benjamin Lewis for Appellant.

W. W. Wallace and Michael Lavelle for Respondents.

GIBSON, C. J.—Plaintiff recovered judgment for damages in the sum of $712.45 for breach of a contract to purchase flour. Being dissatisfied with the amount of the judgment, he brings this appeal.

Plaintiff is a wholesale flour merchant. On July 16, 1937, he entered into a written contract with John Schmid, the proprietor of the Eagle Bakery, in which he agreed to sell to Schmid 6,000 barrels of flour at the following prices:

| BARRELS | PRICE PER BARREL |
|---|---|
| 2,000 ''Ravalli'' brand wheat flour at | $7.10 |
| 2,750 ''Gold Cross'' brand wheat flour at | 7.65 |
| 1,250 ''Isis'' brand wheat flour at | 7.15 |

The contract provided that shipment was to be made upon instructions from the buyer within ninety days from the date of the contract. The contract was to be automatically extended if, on account of the fault of the buyer, not all of the flour was shipped within the ninety-day period unless the seller chose to terminate it upon that ground.

A portion of the flour had been delivered under the terms of the contract when John Schmid sold the Eagle Bakery to the defendants Anthony Marik, Felix Marik, John A. Dull and E. A. Osterman who assumed the obligations of Schmid's contract with plaintiff. Further deliveries of flour were made to the Eagle Bakery under the contract until a total of 3,245 barrels had been delivered. Thereafter defendants refused to furnish any further instructions for delivery of the balance of the flour.

On December 2, 1938, plaintiff notified the new proprietors of the Eagle Bakery of his election to terminate the contract and to hold them liable in damages for breach of the contract. The contract contained a provision for liquidated damages, and plaintiff sought to recover such damages. In a separate count plaintiff also asked for recovery based upon the actual damage suffered. The trial court gave judgment for the plaintiff, but held that the liquidated damage provision was invalid. Actual damages were fixed at $712.45.

Augusta Schmid has been substituted as administratrix of the estate of John Schmid, who died after the commencement of this action.

■ The question thus presented is whether the provision for liquidated damages is invalid, as was held by the trial court. Civil Code, sec. 1670, provides: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section." Section 1671 provides: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Under these code sections a plaintiff, seeking the enforcement of a liquidated damage clause, has the burden of establishing that at the time the contract was entered into the nature of the agreement was such that it would be impracticable or extremely difficult for a court to fix the actual damage in the event of a breach. (*Robert Marsh & Co., Inc.,* v. *Tremper,* 210 Cal. 572 [292 Pac. 950]; *Hanlon Drydock etc. Co.* v. *W. McNear, Inc.,* 70 Cal. App. 204, 215 [232 Pac. 1002]; *Thomas* v. *Anthony,* 30 Cal. App. 217, 220 [157 Pac. 823]; *McInerney* v. *Mack,* 34 Cal. App. 153 [166 Pac. 867]; *Kelly* v. *McDonald,* 98 Cal. App. 121 [276 Pac. 404]; *Mente & Co., Inc.,* v. *Fresno Compress & Warehouse Co.,* 113 Cal. App. 325 [298 Pac. 126].) ■ It is a question of fact in each instance whether the nature of the case is such that it would be impracticable or extremely difficult to fix the actual damage. (*Pacific Factor Co.* v. *Adler,* 90 Cal. 110 [27 Pac. 36, 25 Am. St. Rep. 102]; *Hanlon Drydock etc. Co.* v. *McNear, supra,* p. 214.) ■ Civil Code, sec. 1784, subd. (3), which is part of the Uniform Sales Act, provides that where a buyer fails to accept goods for which he has contracted, the "measure of damages is, in the absence of special circumstances, showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted. . . . " The trial court found that neither at the time the contract was entered into nor thereafter was it impracticable or extremely difficult to fix the actual damage, and this finding is supported by the rec-

ord. There was testimony that the particular brands of flour involved in this contract were actually sold and offered for sale at quoted prices each day. From such evidence the court found that there were daily quotations upon these brands of flour and that the market price could be ascertained at any time. Plaintiff relies upon the fact that there was no organized exchange at which daily quotations of flour prices were furnished and also upon the fact that there were no quotations published in the papers. It is not necessary, however, that there be an organized exchange for determining "market price." Decisions have indicated that the measure of damages is not too difficult of ascertainment even though dependent upon the price of articles as to which no regular market exists. (*Stark* v. *Shemada,* 187 Cal. 785 [204 Pac. 214] ; *Pacific Factor Co.* v. *Adler, supra; Mente & Co., Inc.,* v. *Fresno C. & W. Co., supra.*) Since the actual damage involved in the breach of this contract could have been estimated in accordance with the established principles, it follows that the situation contemplated in Civil Code, sec. 1671, was not present and, as held by the trial court, the provision for liquidated damages must be held void under section 1670.

The question has also been raised whether, assuming that the circumstances would permit a proper liquidated damage clause, the provision in the present agreement is a proper one. ■ A valid liquidated damage clause must, of course, represent a reasonable endeavor by the parties to estimate fair compensation for the loss sustained. (*Dyer Bros. G. W. Iron Works* v. *Central Iron Works,* 182 Cal. 588, 593 [189 Pac. 445] ; 3 Williston, Contracts (1936), p. 2192, sec. 779; Restatement of Contracts, sec. 339; 10 Cal. L. Rev. 8, 14.) The agreement involved herein is the standard form of "Millers' National Federation Uniform Sales Contract," used widely in sales between *millers* or manufacturers of flour and buyers, and the liquidated damage clause of this contract has been upheld in some other states. (*Larabee Flour Mills Co.* v. *Carignano,* 49 Fed. (2d) 151; *Lettelleir* v. *Abilene Flour Mills Co.,* 101 Ind. App. 20 [198 N. E. 111] ; *Quaile & Co.* v. *William Kelly Milling Co.,* 184 Ark. 717 [43 S. W. (2d) 369, 79 A. L. R. 183] ; *Yerxa, Andrews & Thurston, Inc.,* v. *Randazzo Macaroni Mfg. Co.,* 315 Mo. 927 [288 S. W. 20] ; see 3 Williston, *supra,* p. 2218; 79 A. L. R. 188.) Whether the considerations controlling in those cases might warrant approval of the same clause in a contract between a flour merchant and a buyer is

a more difficult question, and, in view of our holding above, we expressly refrain from deciding it.

■ Plaintiff suggests that the courts have tended in recent years to look with more favor upon the attempts of contracting parties to estimate their damages in advance of breach by means of a liquidated damage clause. (*Wise* v. *United States,* 249 U. S. 361 [39 Sup. Ct. 303, 63 L. Ed. 647] ; *United States* v. *Bethlehem Steel Corp.,* 205 U. S. 105 [27 Sup. Ct. 450, 51 L. Ed. 731] ; *Larrabee Flour Mills Co.* v. *Carignano, supra;* see 25 Columb. L. Rev. 278, 297 et seq.) In states like California, however, which have code sections governing the matter of liquidated damages, the courts cannot disregard the plain provisions of the statute. (See McCormick, Damages, p. 606; cf. *Home Bakery* v. *Robinson Milling Co.,* 170 Okla. 349 [40 Pac. (2d) 637].) The Massachusetts case relied upon by plaintiff, *Calvin Hosmer etc. Co.* v. *Paramount Cone Co., Inc.,* 285 Mass. 278 [189 N. E. 192], in which the court upheld a clause providing for liquidated damages where a flour merchant was involved, is not persuasive. The decisions in that state do not require proof that the actual damages would be extremely difficult to estimate, but require only that the parties have intended to provide for damages rather than for a penalty. (Cf. *Kaplan* v. *Gray,* 215 Mass. 269 [102 N. E. 421].)

■ Although the trial court was correct in refusing to enforce the contract provision for liquidated damages, nevertheless the judgment must be reversed because an improper measure of damages was applied. It appears that at the same time plaintiff entered into his contract with Schmid he made a contract with the Montana Flour Mills Co., the manufacturer of the particular brands of flour ordered by the Eagle Bakery. Plaintiff's contract with Montana Flour Mills Co. left a margin of profit of twenty-five cents per barrel on the "Ravalli" and "Gold Cross" brands and thirty cents per barrel on the "Isis" brand. In assessing the actual damage, the trial court treated both contracts as though they were part of the same transaction, and allowed plaintiff a recovery of twenty-five cents per barrel on the undelivered amount of the former brands and thirty cents per barrel on the undelivered amount of the latter brand. This, the court found, amounted to $712.45, the amount for which judgment was given. While this may have been the difference between the

contract price and the market price of the flour on the date the contracts were entered into, it does not constitute the proper measure of damages. Under Civil Code, sec. 1784, plaintiff is entitled to recover the difference between the contract price and the market price at the time when the goods should have been accepted. The contract by its terms was automatically extended despite the defendants' failure to give further shipping instructions, and since there was no repudiation of the contract by them, their obligation to accept the goods continued until the plaintiff exercised his option to terminate the contract. Therefore, the damages should be the difference between the contract price and the market price on the date of final termination of the contract. (Cf. *Fitchburg Yarn Co.* v. *Hope Webbing Co.,* 46 R. I. 290 [127 Atl. 148].)

This case does not present a situation where the seller is bound to manufacture the goods or to procure them from any particular source, in which situation his damages may be limited by the cost of manufacturing or procuring the goods. (5 Williston, Contracts, p. 3866, sec. 1380.) Here plaintiff's only obligation was to procure flour of the specified brands, whether from the miller or on the market, for delivery in accordance with shipping instructions to be furnished him by the defendants. He was free to enter into a contract with a manufacturer to protect himself or to speculate upon a decline in the market before delivery would be required. The fact that he did enter into a separate contract should not affect his damages. He was obligated to deliver the flour in any event; his duty was not conditioned upon the performance of any contract he should chance to make with the miller. Therefore his damages should not be affected by his loss or profit upon any such contract. Since he was free to wait and procure flour at the market price when ordered by the buyer, he is entitled to recover as damages the profits which he would have made in that event, the difference between the market price and the contract price. The contract was freely entered into by the defendant Schmid and freely assumed by the other defendants. Had they performed the contract according to its terms they would have been in exactly the same position as will follow from an award of damages based upon the differential between the market and the contract prices. The possibility that the plaintiff may make a large profit is a result of the decline in the market

price and is not a sufficient reason for allowing the defendants to escape the obligations of their contract. (For a full discussion of the principles herein involved, see *United States v. Burton Coal Co.*, 273 U. S. 337 [47 Sup. Ct. 351, 71 L. Ed. 670] ; 27 Columb. L. Rev. 877.)

The judgment is reversed with directions to the trial court to determine the damages in accordance with the rules herein set forth and thereafter to enter judgment in favor of plaintiff.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.

Respondents' petition for a rehearing was denied August 25, 1941.