256 P.2d 403]

## Appellate Department, Superior Court, Alameda

[Civ. A. No. 56. Apr. 30, 1953.]

ELECTRICAL PRODUCTS CORPORATION (a Corporation), Respondent, v. E. B. WILLIAMS et al., Appellants.

814

Albert L. Wagner for Appellants.

Dannenbrink & Graves and Grace M. Wallis for Respondent.

LEDWICH, J.—Defendants appeal from a judgment awarding plaintiff damages in the sum of $1,826.87, interest $165, attorney's fees $250, and costs of suit for breach of a written contract. Its execution is admitted by defendants. The contract provides that the plaintiff, described therein as "Owner," agrees "to construct, install and furnish" a special electrical display sign for defendants (called "User") on their store premises, according to certain specifications, and that the monthly rental shall be $98.75 for 36 months "for the cost of installing said Display, for the agreement to supply parts, repairs and maintenance and for the right and license to use said Display." A deposit of $395, the equivalent of four months' rent, was paid at the time of the execution of the contract, to be applied in payment of the rentals last becom-

ing due, subject, however, to the provisions of paragraphs (h) and (j) thereof.

Paragraph (j) provides, among other things, for acceleration, without notice or demand, of all unpaid installments and for liquidated damages of 75 per cent of the rentals for the unexpired term, and that "all rights and interest of User therein shall terminate in the event of breach of any of the terms of the agreement by defendants. The judgment includes an award of liquidated damages based on said paragraph (j), computed as therein provided. Said paragraph (j), the liquidated damage clause, is as follows:

"BREACH OF AGREEMENT: It is mutually recognized that Display is not an article of general trade or utility, but is designed and is to be constructed, installed and maintained at the request and for the special distinctive uses and purposes of User, that Display is of no value to Owner except as so used, and that it is a material consideration to Owner in entering into this agreement that User shall continue to use Display as contemplated; and it is expressly agreed that if User shall breach any of the terms, provisions or agreements herein contained, or if during the term of this agreement or any extension thereof bankruptcy, debtor or insolvency proceedings are commenced by or against User, or if User makes an assignment for the benefit of creditors, or if a receiver is appointed to take possession of the business of User, or if action is taken to accomplish this end, or if User discontinues business in the premises where Display is located, or sells or files, or there is filed on its behalf, notice of intention to sell or mortgage under Section No. 3440 of the Civil Code of California or similar statute of another State, or transfers its business or a material part thereof, voluntarily or involuntarily, or if continued use of Display is prohibited for any reason whatsoever, then and in any such event all of the unpaid rentals to the end of this agreement, or any extension thereof, shall without notice or demand be at once precipitated and accelerated and become due and payable and all rights and interest of User therein shall thereupon terminate. It is agreed that in the event of such acceleration and termination, User's interest therein together with deduction for Owner's unexpended costs and possible salvage, shall be valued at a sum equal to 25% of the amount of the rentals for said unexpired term, and that this amount shall be allowed in deduction of User's obligation herein. Provision is so made herein for a liquidated amount as liquidated damages in case of any such breach or

event, for the reason that it is and ever would be impracticable or extremely difficult to ascertain the actual amount of damage. Upon such termination owner shall have the right to apply any deposit made by User hereunder, or any unused portion thereof, to the amount that shall so become due hereunder. If Owner shall institute any suit or action for the enforcement of any of the obligations of User hereunder, including without limitation the payment of damages,· User agrees to pay in addition to all sums found due from User, a reasonable Attorney's fee. All overdue payments shall bear interest at the rate of 6% per annum.''

Defendants paid the first eight months' rent, through December, 1949. Plaintiff alleged and the court found defaults in the payment of six installments of rental of $98.75 each for January to June, inclusive, 1950, or a total of $592.50. Defendants admitted the nonpayment of these monthly payments and gave as the reason therefor that plaintiff had not serviced and repaired the sign as agreed. The court found that plaintiff had fully performed all of its obligations under the contract.

The contract does not provide for defendants' ever becoming the owners of the sign. The ''Owner'' reserved title in and right to remove the sign on any termination of the contract. A letter written by defendants to plaintiff, dated four days prior to the date of the contract, states that defendants may purchase the sign ''at any time during the course of the lease, or at the end of the 36-month agreement by payment of the salvage value of $229.00 plus the sales tax.'' There is no evidence whether this sum is the salvage value of the sign.

Appellants present two arguments for reversal of the judgment. First, that the ''credible evidence'' was undisputed that the sign was not operating prior to any failure of defendants to pay rent. Defendants admit that there is ''some conflict in the record'' as to whether the sign failed to operate, as they claimed.

We have carefully read the transcript of the testimony and there is the above conflict therein. The credibility of the witnesses on this issue of fact was a matter for the trial court to pass upon. We are satisfied that there is sufficient evidence to sustain the finding that the sign was operating when defendants failed to pay the rents and the further finding that plaintiff had fully performed all the conditions of the contract to be performed by it. This court is bound by such findings under the well settled rule regarding con-

flicting evidence. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689].)

The second argument is that the judgment for liquidated damages cannot be sustained because there was no evidence introduced to warrant the finding that the actual damages were "from the nature of the case . . . impracticable or extremely difficult to fix," as provided in Civil Code, section 1671.

■ The California law is well settled that generally it is incumbent upon a party who relies upon a liquidated damage clause to both plead and prove facts sufficient to show that such clause comes within the exception provided in Civil Code, section 1671. ■ Plaintiff apparently recognizes this to be the rule, for the complaint affirmatively alleges "that at all times it was and is now impracticable and extremely difficult to fix the amount of damage or loss to plaintiff caused by either of said defendants or to prove the same." Paragraph (j) of the contract is to the same effect. In the absence of special demurrer, this is a sufficient pleading to permit proof that the case falls within the exception of said section 1671, but that such proof must be made. (*Sun-Maid Raisin Growers v. Mosesian & Son, Inc.,* 90 Cal.App. 1, 6 [265 P. 828].)

Plaintiff contends that since the contract is in evidence, the provision in the contract for liquidated damages is itself sufficient evidence to sustain the finding of the court awarding liquidated damages. In support of this argument, certain federal court cases and decisions from other states, including the following, are cited: (*Electrical Products Consol. v. Sweet,* 83 F.2d 6; *Bassett v. Claude Neon Federal Co.,* 65 F.2d 526; *Electrical Products Corp. v. Mosko,* 88 Colo. 447 [297 P. 991]; *Electrical Products Corp. v. Zeigler Drug Stores,* 141 Ore. 117 [10 P.2d 910]; *Hyde v. Claude Neon Federal Co.,* (Tex. Civ.App.) 157 S.W.2d 952; *Lamson Co. v. Elliott-Taylor-Woolfeden Co.,* 25 F.2d 4 [58 A.L.R. 295].)

■ The test of determining the validity of the liquidated damage clause involved in the above and other cases cited may be stated as involving the following elements:

(1) Did the parties, from the language used in the contract, intend to provide for liquidated damages rather than a penalty?

(2) Did the provision in the contract represent an honest and genuine effort of the parties to estimate in advance the probable damages?

(3) Was the pre-estimate of the damages not disproportionate to any damage reasonably to be anticipated, at the time the contract was entered into? (See McCormick on Damages, § 149, pp. 606-608.)

In some of the cases cited, evidence was received to determine the above questions and in some the provision in the contract was accepted as sufficient evidence. The court had no occasion in any of the cases to consider the question of the proof required in this case, because no statute like sections 1670 and 1671 was before the court. The cited cases may all be distinguished for that reason alone (*Rice* v. *Schmid*, 18 Cal.2d 382 [115 P.2d 498, 138 A.L.R. 589]). This case must be decided under the California cases construing our statutory provisions as to the proof required to sustain a liquidated damage clause.

No California case which has considered a similar liquidated damage provision to the one here involved on a similar factual situation has been cited. ▆ However, the California courts have repeatedly declared that "the mere stipulations in the contract are insufficient for this proof." (*Sun-Maid Raisin Growers* v. *Mosesian & Sons. Inc.*, *supra*, and cases therein cited.)

In *McInerney* v. *Mack*, 34 Cal.App. 153, at 156 and 157 [166 P. 867], the court states: "The rule stated in Section 1670 of the Civil Code must be presumed to apply in all cases unless the party seeking to recover upon the agreement shows by averment and proof that his case comes within the exception mentioned in Section 1671." . . . "This does not depend entirely upon the contract itself." . . . "The mere stipulations of the contract are insufficient for that purpose."

In *Rice* v. *Schmid*, 18 Cal.2d 382, 385 [115 P.2d 498, 138 A.L.R. 589], the court states: "It is a question of fact in each instance whether the nature of the case is such that it would be impracticable or extremely difficult to fix the actual damage." At page 387, the opinion cites two leading United States Supreme Court cases and then continues: "In states like California, however, which have code sections governing the matter of liquidated damages the courts cannot disregard the plain provisions of the statute."

In distinguishing a Massachusetts case, the same decision says: "The decisions in this state do not require proof that actual damages would be extremely difficult to estimate, but only require that the parties have intended to provide for damages rather than for a penalty."

The California Supreme Court recently held valid liquidated damage clauses in two cases under the peculiar and special facts of those cases, which were in no way comparable to the facts in this case. (*Better Food Markets, Inc.* v. *American Dist. Tel. Co.*, 40 Cal.2d 179 [253 P.2d 10]; *Atkinson* v. *Pacific Fire Extinguisher Co.*, 40 Cal.2d 192 [253 P.2d 18].)

■ In the Better Food case, the court states, at page 185, "It is settled law that the burden is on the party seeking to rely upon a liquidated damage provision in a contract to plead and prove facts showing impracticability. (*Rice* v. *Schmid, supra,* 18 Cal.2d 382, 385; *Dyer Bros. Golden West Iron Works* v. *Central Iron Works, supra,* 182 Cal. 588, 593 [189 P. 445])"; and at page 188, "The validity of a liquidation clause in a contract must be determined in accordance with the facts and circumstances in each particular case." In the same case, at page 184, the opinion says, "Where the parties exercise their business judgment in providing that it is impracticable and extremely difficult to fix the damages which may result from the defendant's failure to render its service such a provision is not controlling as to the actual difficulty in fixing damages although it is entitled to some weight." (Citing California cases.)

In the Atkinson case, at page 195, the court uses the following language: "In the case of *Better Food Markets, Inc.* v. *American District Tel. Co., ante,* page 179 [253 P.2d 10] this day decided, it was held that the question whether it would be impracticable or extremely difficult to fix liquidated damages is generally a question of fact and that the time for the determination of the question is the time of making the contract. It was also held in that case that the question becomes one of law where the facts are not in dispute and admit of but one conclusion." This language is a definite recognition that the question here involved "is generally a question of fact."

In each of these cases the Supreme Court, in sustaining the liquidated damage clauses before it stressed the special facts of those cases to distinguish them from the California cases therein cited. In the Better Foods case the court points out, "the possibilities of the consequences of a failure of the defendant to perform its obligation under the contract are innumerable."

In the Atkinson case it states: "The factors involved were too many and too variable to permit of any certainty in select-

ing the extent of the loss directly attributable to the failure of the detection system with references to a particular fire."

The small compensation received by the party relying on the liquidated damage clause for the services it agreed to render compared to the large, uncertain and unforeseeable damages that might result from a breach of the contract was also a primary factor that entered into the court's decision in these two recent cases.

There are no such complications in the instant case in the computation of actual damages as in these two recent cases. Here, the only obligation breached is one for the payment of a fixed sum of money in monthly installments, as agreed. The most damage that the plaintiff could possibly suffer is fixed and certain. It would be the full contract price, namely, 36 monthly payments of $98.75 each, or a total of $3,555, less the cost of maintenance and repair of the sign for the unexpired term, assuming the sign had no salvage value. If it had a salvage value, plaintiff's damages would be further reduced by the amount thereof at the time plaintiff elected to terminate the contract. There are other factors that enter into a computation of plaintiff's actual damages, such as the cost of constructing and installing the sign, plaintiff's profit if the contract were fully performed, any commission paid for obtaining the contract and a proper charge for its overhead for doing business.

Whether plaintiff's actual damages resulting from a failure to pay the rent as agreed in the contract was "from the nature of the case" impracticable or extremely difficult to fix could only be determined by evidence on that matter. Since the stipulations in the contract alone are not sufficient proof of the impracticability or extreme difficulty in fixing the actual damages, it is the duty of plaintiff to introduce evidence from which the court can determine this question of fact.

In plaintiff's brief it is stated, "at the time of the trial plaintiff offered to prove the damages in detail and were prevented by the specific objections of the defendant." This statement is unsupported by the record. All that the plaintiff did in this respect was to ask a witness two questions: (1) to "*compute* the rate of damages in accordance with this contract as of June as a result of defendants' default in payment." (2) "What is the balance you are *asking* for in damages?" The complaint was the answer to this question. Objections to both questions were properly sustained.

These questions were not appropriate to prove any facts showing from the nature of the case, the impracticability or extreme difficulty of fixing the actual damages sustained by plaintiff, and no offer of such proof was made by plaintiff. There is no merit in this argument.

The judgment awarded plaintiff of $1,826.87 includes six months' accrued rent, through June, 1950, amounting to $592.50, and, to the extent of the unpaid rent, the judgment is supported by the evidence, except that it takes no account of the deposit of $395. Insofar as the judgment awards liquidated damages, it is based solely upon the provision therefor in the contract, and is therefore, under the California cases, unsupported by any evidence. Under these circumstances, the judgment should be reversed.

If plaintiff offers evidence on the validity of the liquidated damage clause, the trial court should make its determination on that matter and then proceed to determine plaintiff's damages, dependent upon how it finds on the validity of the liquidated damage clause.

The judgment is reversed. Appellants are to recover their costs on appeal.

Wagler, P. J., and Hoyt, J., concurred.