**Stanley KRENEK, Individually and d/b/a Humble Yamaha, Appellant,**

v.

**WANG LABORATORIES, INC., Appellee.**

**No. 6009.**

Court of Civil Appeals of Texas, Waco.

May 17, 1979.

Rehearing Dismissed for Want of Jurisdiction June 21, 1979.

**HALL, Justice.**

In this case the lessor of certain equipment was awarded the liquidated damages provided for in the lease agreement, after the lessee defaulted in his monthly rental payments. The main question for decision is whether the provision for liquidated damages constituted a penalty and was therefore unenforceable. We hold it was a penalty, and reverse the judgment based upon it.

Plaintiff-appellee Wang Laboratories, Inc., and defendant-appellant Stanley Krenek d/b/a Humble Yamaha, entered into a written agreement on April 22, 1974, under which plaintiff agreed to lease certain equipment to defendant for a term of five years and defendant agreed to pay monthly rental of $458.25 beginning July 1, 1974. Additional items of equipment were added to the lease by letter agreement dated July 25, 1974 (denominated "Appendix 'A'" by the parties), and the monthly rental was increased to $817.02.

The description of the leased property is set forth in the original lease agreement and Appendix "A," as follows:

```
1   2200B  3 Central Processing Unit @ $7,800
1   Option 3   Character Edit ROM @ $400
1   2216/17 Combined CRT Executive Display
      · Single Tape Cassette Drive @ $2,300
1   2221 Line Printer @ $5,400
1   2222 Alpha-Numeric Typewriter Keyboard @ $700
2   2290 CPU/Peripheral Stands @ $200/each
1   2230  3          $13,500.00
4   2230 Removable Disk for 2230     $800.00
Retrofit Charge       $100.00
```

The monthly rental charge was then placed beside each of the items as listed above, in the lease. No other description of the property is contained in the record. The significance of the dollar-figures beside each item is not explained in the record. Nor does the record contain an explanation of the function or use of the leased properties.

The original agreement contained many minor covenants in addition to the agreement for monthly rental payments. Its "default clause" provided in pertinent part that: (1) if defendant was in default on a

T. D. Smith, Smith & Lamm, Houston, for appellant.

Morley H. White, Morley H. White & Associates, Houston, for appellee.

rental payment for as long as ten days, or (2) if he was in default in the performance of any other covenant for as long as 30 days after notice thereof from plaintiff, or (3) if defendant became insolvent or bankrupt or made an assignment for benefit of creditors, or (4) if bankruptcy or other listed "insolvency proceedings" were initiated against defendant, or (5) if defendant's business materially changed "so as to increase, in Lessor's opinion," the risk of default by defendant and plaintiff gave defendant written notice thereof;

"Then in any such case (herein sometimes called 'events of default') Lessor at its option may:

(A) Proceed by appropriate court action or actions, either at law or in equity to enforce performance by the Lessee of the applicable covenants and terms of the Lease or to recover damages for the breach thereof; or

(B) By notice in writing to Lessee, terminate this Lease as to all or any part of the equipment leased hereunder whereupon all right, title and interest of Lessee to or in the use of such equipment shall cease and [be] determined, but Lessee shall remain liable as hereinafter provided, and in such event Lessor may, directly or by its agent, enter upon the premises of Lessee or other premises where the equipment may be located and take possession thereof (any damage occasioned by such taking of possession being hereby expressly waived by Lessee and Lessor hereby being released from any liability therefor). In the event of any such termination Lessor (i) shall be entitled to retain all rents and additional sums paid by Lessee hereunder in respect of all equipment, as well as all resale proceeds, refunds and other sums, if any, theretofore paid or received by Lessor including any sums then in Lessor's possession which, had this Lease not been declared in default, would otherwise be payable to Lessee hereunder, (ii) may re-let all or any part of the equipment for such rentals and upon such terms as Lessor shall elect, or sell all or any part of the equipment at public or private sale and either

for cash or upon credit and (iii) shall in addition to all or any rights and remedies hereunder be entitled to recover from Lessee all rents and additional sums accrued and unpaid under any of the terms hereof and a sum equal to the total unpaid rental which would have accrued for the balance of the term of this Lease less only the net proceeds of any such releasing or sale. . . . In addition to the foregoing, Lessor shall be entitled to recover from Lessee any and all damages which Lessor shall sustain by reason of the breach by the Lessee of any of the covenants and terms of this Lease, together with a reasonable sum for attorney's fees . . ."

The lease agreement was amended on February 27, 1975, by an instrument prepared by plaintiff and signed only by defendant, which in part contained these pertinent provisions:

"It is expressly agreed and understood that I have this date paid to Wang Laboratories, Inc. the sum of $2,857.87 and that on or before March 3, 1975, I shall pay the additional sum of $5,021.18 representing payment for all past due accrued principal payments, interest and attorney's fees to February 1, 1975 and included in said amount is a payment of $857.87 representing my March 1, 1975 payment. Acceptance of the above payments by Wang Laboratories, Inc. does not waive any of the terms or conditions expressed in the Lease Agreement of April 22, 1974 and Appendix 'A' attached thereto and it is further understood and agreed that *time is of the essence* for all additional payments and terms thereto and I shall promptly remit to Wang Laboratories, Inc. the sum of $857.87 commencing on April 1, 1975 the sum of $857.87 and continuing thereafter until the terms of said lease are fulfilled.

"In the event of default, I hereby agree that the entire Lease Agreement and Appendix 'A' attached thereto, shall be accelerated and I shall be liable thereon for all past due principal payments, all accelerated payments, interest thereon at the

rate of 10% per annum, costs and all other related charges as provided in said Lease Agreement and Appendix 'A' attached thereto, together with attorney's fees in the amount of ⅓rd of the total accelerated amount due under the Lease Agreement and Appendix 'A' attached thereto as of February 19, 1975."

Defendant defaulted on the rental due on August 1, 1976, and thereafter made no payments. Plaintiff took possession of the leased property in December, 1976.

Plaintiff filed this suit on June 13, 1977. It pleaded the lease agreement and its amendments and defendant's default in the monthly rental payments. Plaintiff sought recovery of the unpaid rentals totaling $30,025.45, plus attorney's fees of 33⅓% of that sum, and interest, under the liquidated damages clause in the February, 1975, amendment.

Defendant answered among other things that the provision for liquidated damages was an unenforceable penalty.

After trial was held to the court without a jury, judgment was rendered for plaintiff for the principal amount of $30,025.45, plus $4,000.00 attorney's fees, and interest. Defendant appeals.

It is clear from the record made on the trial (which we need not detail) that the central issue tried by the parties was whether plaintiff was entitled to recover as its damages the unaccrued rentals under the stipulation therefor in the February, 1975, amendment to the lease, or whether that provision constituted a penalty; and that the court determined the stipulated damage was not a penalty. Findings of fact and conclusions of law filed by the court show that the judgment was based in part on the stated failure of defendant "to offer evidence that the acceleration was intended as a penalty."

█ It is now settled that where a contract " 'contains several matters of different degrees of importance, and yet the sum named [as liquidated damages] is payable for the breach of any, even the least . . the sum stipulated to be paid has been treated as a penalty,' " because it violates the principle of just compensation. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 487 (1952).

As we have said, the lease before us contains a large number of minor covenants by defendant, such as maintaining the leased equipment in good repair, and indemnifying plaintiff against claims arising out of the use of the property, and not placing any labeling on the equipment which might be interpreted as a claim of ownership by defendant. Under the lease amendment of February, 1975, a breach of these lesser covenants could trigger termination of the lease and imposition of the liquidated damages against defendant.

█ Plaintiff asserts the parties intended that the liquidated damages provision in the amendment should apply only in the event of breach by defendant of the major covenant for payment of monthly rentals. There is no evidence to that effect in the record, and the amendment is not worded in that fashion. Doubtless, the main concern of the parties when the amendment was made was payment of the rentals, but the amendment makes direct reference to the original agreement, points to the fact that plaintiff "does not waive any of the terms or conditions" expressed in it, and then provides for acceleration and the damages in question "in the event of default." If there is doubt on the question under the language of the amendment, that doubt must be resolved against plaintiff because it prepared the instrument. *American Lease Plan v. Ben-Kro Corporation*, 508 S.W.2d 937, 942 (Tex.Civ.App.—Houston [1st] 1974, writ ref'd n. r. e.).

Under the rule in *Stewart v. Basey*, supra, the provision in question constitutes a penalty as a matter of law, and it will not support the award of damages to plaintiff.

█ We also sustain defendant's point of error to the effect that the evidence is factually insufficient to support the finding that plaintiff suffered actual damages in the amount of $30,025.45.

The judgment is reversed, and this case is remanded for trial.