BASKIN, Judge.
*225 This appeal questions the correctness of a summary judgment entered by the trial court. In Count I of the two-count complaint, appellee sought to replevy a leased computer or, alternatively, to obtain damages. In Count II, appellee alleged a breach of its leasing contract, claiming entitlement to damages based upon the default clause contained in the contract. The trial court granted summary judgment in favor of appellee, awarding damages, costs, and interest in the sum of $34,116.20. We reverse.
The final judgment cannot be sustained if it was based upon the replevin claim because the affidavit and the letter filed in opposition to the motion for summary judgment present a material issue of fact as to whether the property was detained. If, however, the final judgment was based upon Count II, it must be reversed because the amount awarded exceeds the remedies authorized by the default clause contained in the lease.[1] In order to invoke paragraph 21(a)(v), allowing the lessor to “pursue any other remedy at law or in equity,”[2] United States Leasing *226 was required to allege and prove not only a breach, but the actual damages it incurred as a result of the breach as well. Poinsettia Dairy Products v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936). The summary judgment was entered before the necessary proof was established.
Reversed and remanded for further proceedings.

. 21. DEFAULT, (a) If Lessee fails to pay when due any rent or other amount required herein to be paid by Lessee, or if Lessee fails to perform any other provision hereof within 10 days after Lessor shall have demanded in writing performance thereof, or if for any other reason Lessee makes a bulk transfer of furniture, furnishings, fixtures or other equipment or inventory, or if Lessee makes an assignment for the benefit of creditors, whether voluntary or involuntary, or if a petition is filed by or against Lessee under the Bankruptcy Act, or if Lessee has breached any other lease or agreement between Lessee and Lessor, Lessor shall have the right to exercise any one or more of the following remedies:
(i) Lessor may recover from Lessee all rent and other amounts then due and as they shall thereafter become due hereunder.
(ii) Lessor may take possession of any or all items of Equipment, wherever same may be located, without demand or notice, without any court order or other process of law and without liability to Lessee for any damages occasioned by such taking of possession. Any such taking of possession shall not constitute a termination of this lease.
(iii) Lessor may recover from Lessee, with respect to any and all items of Equipment, and with or without repossessing Equipment, the sum of (1) all rent and other amounts due and to become due, less a prepayment credit for rent not yet due at the time of payment or judgment, whichever is earlier, equal to the product of the number of months remaining in the current term of this lease at said time, multiplied by the total rent not yet due at said time, multiplied by two tenths of one per cent (.2%); and (2) the reversionary value of Equipment at the end of the current term which for purposes of this paragraph shall be 10% of the total rent as set forth in paragraph 9 above; provided, however, that upon repossession or surrender of Equipment, Lessor may sell or otherwise dispose of Equipment with or without notice and on public or private bid, and apply the net proceeds thereof (after deducting all expenses, including, attorney’s fees, incurred in connection therewith), to the sum of (1) and (2) above. In the event Lessor is unable to sell or otherwise dispose of Equipment within a reasonable time, Lessor may recover from Lessee an amount not less than the sum of the rent and other amounts as set forth in (1) above and all expenses, including attorney’s fees, incurred in taking possession of Equipment.
(iv) As to any item or items of Equipment with respect to which this lease is terminated by Lessor, Lessor may recover from Lessee as to each said item the worth at the time of such termination of the excess, if any, of the amount of rent reserved herein for said item for the balance of the term hereof over the then reasonable rental value of said item for the same period of time.
(v) Lessor may pursue any other remedy at law or in equity.
The validity of the default clause has not been challenged. Whether a default constitutes a penalty or liquidated damages is a question of law to be decided by the court. Paradis v. Second Avenue Used Car Co., 61 So.2d 919 (Fla. 1952). In Poinsettia Dairy Products v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936), the supreme court held a similar clause to be a penalty, stating:
In stipulating that the damages for breach of the contract shall be the balance of the unpaid purchase price; and that plaintiff, upon such breach, may regard the contract as terminated and sue for the balance of the purchase price, which is all that could have recovered if the entire contract had been performed, the amount stipulated as ‘liquidated damages’ is easily excessive ... and should be regarded as a ‘penalty’ ....
Id. at 309.
Comparable rent acceleration clauses were examined in Chandler Leasing Division v. Florida-Vanderbilt Development Corp., 464 F.2d 267 (5th Cir.), cert. denied, 409 U.S. 1041, 93 S.Ct. 527, 34 L.Ed.2d 491 (1972) and Krenek v. Wang Laboratories, Inc., 583 S.W.2d 454 (Tex.Civ.App.1979). In Chandler the court ruled the *226 default clause not in violation of Florida public policy.
The Krenek court held that the clause constituted a penalty under Texas law. The court’s considerations in Krenek are similar to the considerations expressed by the Florida Supreme Court in Paradis and Poinsettia. For a discussion of the viability of rent acceleration clauses see 5 A. Corbin Contracts § 1065 (1964 and Kaufman Supp.1982); see also American Lease Plan v. Ben-Kro Corp., 508 S.W.2d 937 (Tex.Civ.App.1974); Electrical Products Corp. v. Williams, 117 Cal.App.2d 813, 256 P.2d 403 (1953). But see Puritan Leasing v. August, 16 Cal.3d 451, 128 Cal.Rptr. 175, 546 P.2d 679 (1976) (no policy reason for not applying real property law to chattel lease). Compare A. Corbin Contracts § 1039 A (Kaufman Supp. 1984) (real property lease more like contract than conveyance of real estate).
The default clause in the case before us provides the lessor the right to accelerate the rent in the event of a breach of this contract and, surprisingly, upon breach of any other lease between Concrete and United States Leasing! Another provision authorizes the lessor to retake possession of the leased equipment without terminating the lease.. Furthermore, a re-versionary clause requires an additional payment of 10% of the total rent of the contract over and above the repossession and rent acceleration. Recovery of the item possessed, in addition to receiving all rental payments, may constitute a double recovery. See Monsalvatage and Co. v. Ryder Leasing, Inc., 151 So.2d 453 (Fla. 3d DCA 1963). But see Chandler. If the default clause were invalid, United States Leasing might be able to repossess and sue for damages which naturally flow from the breach.

. As to how equity would enforce this contract, see Campbell Soup v. Wentz, 172 F.2d 80 (3d Cir.1948) (contract “carrying a good joke too far”).