577 So.2d 636 (1991)
The PUBLIC HEALTH TRUST OF DADE COUNTY, Florida, Appellant,
v.
ROMART CONSTRUCTION, INC., Appellee.
No. 90-927.
District Court of Appeal of Florida, Third District.
March 26, 1991.
Rehearing Denied April 26, 1991.
*637 Robert A. Ginsburg, County Atty., and Robert Blake and Hugo Benitez, Assts. County Atty., for appellant.
Tew & Garcia-Pedrosa and Jose Garcia-Pedrosa and Christine Stebbins Dahl, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Public Health Trust of Dade County, Florida, from a final judgment entered upon an adverse jury verdict in a contract action arising out of the construction of a medical center by the plaintiff Romart Construction, Inc. The plaintiff, a general contractor, sued the defendant to collect monies due and owing upon completion of the subject medical center based on theories of open account, breach of contract, and unjust enrichment; the defendant counterclaimed for liquidated damages provided under the contract based on the plaintiff's failure to substantially complete the project on time. We reverse.
First, we conclude that the plaintiff Romart Construction, Inc. was not entitled to recover on its open-account claim for the on-site daily expenses it incurred during the period from June 12, 1988 through August 20, 1988, when it was in breach of the subject construction contract, as found by the jury below, for failure to substantially complete the project on time. This being so, these per diem expenses for the aforesaid 68-day period must be deducted from the $395,822.89 damages returned by the jury on the open-account claim. See Cherokee Oil Co. v. Union Oil Co. of Cal., 706 F. Supp. 826 (M.D.Fla. 1989), aff'd, 901 F.2d 1114 (11th Cir.1990); Chase & Co. v. Miller, 81 Fla. 472, 477, 88 So. 312, 314 (1921); Alderman Interior Sys. v. First National-Heller Factors, Inc., 376 So.2d 22, 24 (Fla. 2d DCA 1979).
Second, we conclude that the trial court erred in declining to give effect to the $2,500 per diem liquidated damages as provided in the subject contract for the above-stated 68-day delay in failing to substantially complete the project. As provided in the subject contract, these liquidated damages must be deducted from the amount due and owing by the defendant Dade County under the contract to the plaintiff Romart Construction, Inc. The trial court was in error in submitting the issue of the reasonableness of the liquidated damages clause to the jury for its determination, rather than enforcing the unambiguous liquidated damages provision, for the following reasons. (a) The validity and reasonableness of the subject clause was for the *638 trial court, not the jury, to determine. T.A.S. Heavy Equip., Inc. v. Delint, Inc., 532 So.2d 23, 25 (Fla. 4th DCA 1988); Concrete Equip. Co. v. U.S. Leasing Corp., 439 So.2d 224, 225 n. 1 (Fla. 3d DCA 1983); see Nicholas v. Miami Burglar Alarm Co., 266 So.2d 64, 66 (Fla. 3d DCA 1972). (b) Moreover, as the trial court orally indicated below, the $2,500 liquidated damages was a perfectly reasonable assessment of damages for each day the plaintiff Romart Construction, Inc. was late in failing to substantially complete the contract as agreed to by the parties. The fact that Dade County may have suffered no monetary loss for this 68-day delay did not, as urged, render this clause unconscionable, because the medical center being constructed was intended as a public facility, not as a profit-making enterprise. Six Cos. of Cal. v. Joint Highway Dist. No. 13 of Cal., 110 F.2d 620, 625 (9th Cir.), rev'd on other grounds, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (1940); Melwood Constr. Corp. v. State, 126 Misc.2d 156, 481 N.Y.S.2d 289 (Ct.Cl. 1984), aff'd, 119 A.D.2d 734, 501 N.Y.S.2d 604 (App.Div. 1986). (c) Beyond that, the plaintiff Romart Construction, Inc. did not raise in its answer to Dade County's counterclaim the affirmative defense that the aforesaid contracted-for liquidated damages were unreasonable or unenforceable, and the issue was not otherwise tried by consent; accordingly, the trial court on this record had no authority to void the subject liquidated damages clause. J.M. Beeson Co. v. Sartori, 553 So.2d 180, 181 (Fla. 4th DCA 1989).
Finally, we find no merit in the remaining points on appeal. The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiff Romart Construction, Inc. in the amount of $395,822.89 reduced by (1) the on-site daily expenses incurred by Romart during the 68-day period in which it was in breach of the construction contract for failure to substantially complete the project on time, and (2) the $2,500 per day of liquidated damages for the aforesaid 68-day delay for failure to substantially complete the project on time.
Reversed and remanded.