TRAXLER, Circuit Judge,
concurring in part and dissenting in part:
This dispute completely ended the contractual relationship between the two parties. They had no further business dealings with each other thereafter. Regardless of who was at fault, the breach was total and absolute. Yet somehow Fiserv managed to have the breach considered “partial.” Because this breach was in no way partial and hence no basis existed for liquidated damages, I respectfully dissent.
First, Fiserv argues that Tidewater did not raise this issue as an affirmative defense in its answer and therefore has waived any challenge relating to the liquidated damages provision. To the extent Tidewater challenges the liquidated damages clause as unreasonable or unenforceable, Fiserv is correct. See Public Health Trust v. Romart Constr., Inc., 577 So.2d 636, 638 (Fla.Dist.Ct.App.1991). However, the issue of whether there was a partial or a total breach has nothing to do with the reasonableness of the liquidated damages clause. This separate question is simply whether the clause applies, not whether the clause is an impermissible penalty. Hence, Tidewater was not required to raise the nature of the breach as an affirmative defense.
Second, Fiserv argues that Tidewater did not preserve the issue of partial versus total breach in its Rule 50 motions. To the contrary, before the case was submitted to the jury Tidewater moved for judgment as a matter of law, arguing that there was a total breach rather than a partial breach. See J.A. 1105-09. The district court denied the motion. See J.A. 1118. In its post-trial motions, Tidewater renewed its motion for judgment as a matter of law on the grounds that no partial breach occurred and the district court again denied the motion. See J.A. 1229-30. Accordingly, the issue was properly preserved.
Finally, Fiserv points out that it provided Tidewater with notice of a partial breach as required by the contract. However, the fact that Fiserv provided notice of a breach which it chose to call “partial” has no bearing on whether, as a matter of law, a partial breach actually occurred. The question of notice is a separate and distinct inquiry.
In my view, the district court erred in denying Tidewater’s Rule 50 motions on the issue of total versus partial breach. A total breach of contract strikes at the whole of the contract or the whole of the consideration. See Hyman v. Cohen, 73 So.2d 393, 397 (Fla.1954) (en banc); Re *207 statement (Second) of Contracts § 241 (1979). Because Tidewater refused to accept any of the services for which it contracted, this breach was material and went to the heart of the contract. Thus, as a matter of law, the liquidated damages provision was not applicable to Tidewater’s breach.
I would reverse the district court’s denial of Tidewater’s Rule 50(b) motion and remand for further proceedings. As to the remainder of the panel’s rulings, I concur in those parts not inconsistent with my dissent.